UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH RAYMOND HALSCOTT,

    Petitioner,

v.                                              Case No.  8:10-cv-921-T-33MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Halscott's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "Petition" or "petition").  Halscott, who is represented by retained counsel, paid the $5.00 filing fee. Halscott challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## PROCEDURAL HISTORY

Halscott was charged by Information in Case No. CRCO6-15032CFANO with seven counts of possession of child pornography, one count of misdemeanor resisting an officer without violence, and one count of misdemeanor possession of marijuana. Halscott was charged by Information In Case No. CRC07-00871CFANO with two counts of capital sexual battery.[1] On July 16, 2007, Halscott appeared before the Honorable Timothy Peters, Circuit

---

[1] Halscott provided copies of the charging documents in both cases.  (See Exhibits A and B of his Apppendix [Doc. 5-1]).

Judge, to enter pleas of nolo contendere to the offenses as charged in Case No. CRC06-15032CFANO. On the same day, he entered pleas of nolo contendere to the lesser offenses of attempted sexual battery and child abuse in Case No. CRC07-00871CFANO. (Exhibit 1: Change of Plea Transcript). Halscott was represented by retained counsel George Lawrence Sandefer and Robert Curtis Murtha.

On July 16, 2007, after the state trial court accepted Halscott's plea, the court sentenced Halscott in accordance with the terms of the plea agreement to concurrent sentences of five years imprisonment on the seven counts of possession of child pornography in Case No. CRC06-15032CFANO, and to time served on the misdemeanor counts. In Case No. CRC07-00871CFANO, the court sentenced Halscott to ten years imprisonment, followed by ten years sexual offender probation on the reduced charge of attempted sexual battery, and to five years imprisonment on the reduced charge of child abuse. (Exhibit 2: Judgment and Sentence). Halscott did not appeal his judgment and sentence.

On July 16, 2008, Halscott filed a pro se Rule 3.850 Motion for Postconviction Relief. (Exhibit 3). Halscott subsequently obtained private counsel, Ryan J. Sydejko, who filed an amended Rule 3.850 motion. (Exhibit 4). The sole ground in the amended motion was that trial counsel was ineffective for failing to pursue a motion to suppress evidence located on Halscott's home computer. The postconviction court summarily denied the amended motion on May 8, 2009. (Exhibit 5). Halscott appealed the adverse ruling.

On March 10, 2010, the Second District Court of Appeal per curiam affirmed the trial court's denial of postconviction relief. (Exhibit 8). *Halscott v. State*, 31 So. 3d 181 (Fla. 2010). The mandate issued April 16, 2010. (Exhibit 9).

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

Halscott's § 2254 petition raises one ground for relief:

MR. HALSCOTT WAS DEPRIVED OF THE CONSTITUTIONAL RIGHT TO

3

EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO ADEQUATELY MOVE TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE FROM A HOME COMPUTER.

Halscott's claim is barred by the entry of Halscott's voluntary nolo contendere plea. In addition, his claim for relief fails to satisfy the prerequisites of 28 U.S.C. § 2254(d) and (e).

**Waiver and Procedural Bar**

During the change of plea hearing, Halscott's attorney announced that Halscott elected to enter a nolo contendere plea based on a negotiated plea bargain with the State. In choosing to enter a plea, Halscott expressly acknowledged his intent to forego pursuit of the pretrial motions then pending, which included the motion to suppress:

> MR. MURTHA (Defense Counsel): Judge, this is going to be a change of plea today. We've spoken with the State and we've agreed upon the disposition.
>
> Judge, we've reviewed the discovery with our client with the understanding that we had several motions pending before the Court, and at this point our client has decided to elect to forego those motions in exchange for this plea.

(Exhibit 1 at p. 4 [R 310]).

Pursuant to Florida state law, a defendant who pleads guilty or nolo contendere without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues that occur contemporaneously with entry of the plea. *Robinson v. State*, 373 So. 2d 898 (Fla. 1979). Because he did not reserve his underlying issue for appeal, Halscott, by entering an unconditional plea, waived his underlying suppression issue. Therefore, the issue could not be raised on direct appeal.

In his Rule 3.850 motion, Halscott faulted his counsel for not filing an adequate

motion to suppress. However, under state law, Halscott waived his known claims and defenses when he entered his plea. As a result, the claim that counsel was ineffective for failing to adequately move to suppress the "illegally obtained evidence from a home computer" was procedurally barred in state court. *See e.g., Baker v. State*, 879 So. 2d 663, 664 (Fla. 5th DCA 2004)(affirming denial of movant's Rule 3.850 claim his trial counsel was ineffective for not attacking credibility of co-defendant; holding guilty plea cut off inquiry into all issues arising prior to plea and any further attack on credibility of co-defendant was rendered pointless by plea).

## PROCEDURAL BAR IN FEDERAL COURT

Halscott's claim is also foreclosed in this Court. Halcott's claim concerns alleged ineffective assistance of counsel occurring prior to entry of Halscott's nolo contendere plea. A guilty or nolo contendere plea waives all non-jurisdictional defects occurring prior to the time of the plea, generally limiting defendants to challenges implicating the knowing and voluntary nature of that plea. *See Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Non-jurisdictional defects that are waived by an unconditional plea of guilty include challenges to the factual basis underlying a conviction, prosecutorial vindictiveness, and violations of due process, as well as claims of ineffective assistance of counsel concerning issues litigated prior to entry of the plea. *See Wilson*, 962 F.2d at 997; *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). *See also, United States v. Broce*, 488 U.S. 563 (1989)(when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)(holding

that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991 ); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)(finding a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

Since Halscott's claim implicates non-jurisdictional matters that preceded entry of his plea (including trial errors and counsel's performance regarding pretrial evidentiary issues), Halscott relinquished his right to challenge the alleged defects by pleading nolo contendere. Halscott's contention that counsel was ineffective for failing to file an adequate pretrial suppression motion did not relate to counsel's advice regarding the plea, or otherwise materially implicate the knowing and voluntary nature of his plea. *See Wilson*, 962 F.2d at 997.

Halscott complains about trial counsel's pre-plea performance. By operation of law and by his express abandonment of pretrial motions, Halscott relinquished any right he may have had to challenge the effectiveness of counsel regarding alleged antecedent violations of constitutional rights.

## FAILURE TO MEET PREREQUISITES OF 28 U.S.C. § 2254(d) and (e)

Even if Halscott's claim was not barred, however, he is not entitled to relief under 28 U.S.C. § 2254(d) and (e). Because Halscott filed the instant federal petition in 2010, the petition is governed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." To establish prejudice caused by counsel's alleged ineffectiveness

in the context of the entry of a plea, the petitioner must show that his attorney's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

To the extent the state court denied Halscott's postconviction claim on the merits, the court's decision was neither contrary to, nor an unreasonable application of, the *Strickland* standard. Prior to trial, Halscott's attorney filed a motion to suppress the evidence of child pornography found on Halscott's home computer. (Exhibit 10). The written motion argued that the memory card containing photographs of child pornography, which was discovered on Halscott's person at the time of his arrest, was illegally seized. Halscott also argued that the seizure of his home computer, for which a search warrant had been obtained, was illegal, and the evidence of photographs of child pornography should have been suppressed as fruit of the poisonous tree. The state court's order denying the Rule 3.850 motion addressed these arguments:

> The Defendant alleges that counsel was ineffective for inadequately moving to suppress illegally obtained evidence. In this matter, the Defendant was pulled over by police. During the traffic stop, law enforcement found a digital camera memory card that contained pornographic images of a child. Subsequently, the Defendant made incriminating statements during an interrogation by law enforcement. Shortly thereafter, law enforcement searched the Defendant's home computer and found additional pornographic material depicting a child.
>
> In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court established a two-prong test for determining claims of ineffective assistance of counsel relating to guilty pleas. In the first prong, the Defendant must prove that counsel fell below an objective standard of reasonableness. In the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." [sic] at 59; *Grosvenor v. State,* 874 So. 2d 1176, 1179 (Fla. 2004).

### Ground One-A: Memory Card

The Defendant alleges that counsel should have moved to suppress evidence found on a digital camera memory card seized during a traffic stop. Counsel filed a motion to suppress this evidence on March 19, 2007. See Exhibit B, Motion to Suppress.

The Defendant claims that if counsel had presented and argued a sufficient motion to suppress, the evidence from the memory card would have been suppressed and law enforcement could not have used such evidence as grounds for executing a search warrant for his home computer. The Defendant presents legal authority and argument that he contends counsel should have utilized in moving to suppress evidence from the memory card. However, on July 16, 2007, before a hearing was ever held on his motion to suppress, the Defendant changed his pleas in the above-styled cases.

The Defendant also claims that counsel eventually "abandoned" the motion. However, the record does not reflect that the motion to suppress was withdrawn. See Exhibit C. It appears that an evidentiary hearing on the motion had been postponed several times until July 16, 2007, when the Defendant changed his plea. See Exhibit C.

There is therefore no basis upon which to find counsel ineffective for "inadequately" moving to suppress the evidence found on the memory card. There was never an evidentiary hearing or a ruling on the Defendant's motion to suppress. Rather, the Defendant changed his plea; at the hearing, counsel stated in the Defendant's presence that, even taking into account his pending motions, the Defendant wished to change his plea. See Exhibit D, Hearing Transcript, p. 4. Additionally, the Defendant stated that he believed changing his plea was in his best interest, and the Court found him to be freely and voluntarily entering the plea. See Exhibit D, pp. 20, 23, 29. Any argument that the motion would have been granted is simply too speculative to find counsel was ineffective. Accordingly, there are no grounds upon which to find that counsel was ineffective, and Ground One-A is denied.

### Ground One-B: Statements to Police

The Defendant alleges that counsel was ineffective for not moving to suppress statements he made to law enforcement during the investigation of the alleged offenses. After the traffic stop, the Defendant alleges he was handcuffed, arrested, transported to the police station, placed into an interrogation room, and read his *Miranda* rights. The Defendant contends that during the interrogation, he made an unequivocal request for an attorney, which should have brought an end to questioning. Specifically, the Defendant

states that when asked if he wanted an attorney, he replied, "I would think so, yes, sir."

A transcript of the interrogation shows that after making that statement, the Defendant asked law enforcement whether having an attorney would "slow up" the interrogation process, and what would happen next. See Exhibit E, Interview Transcript, pp. 940. The officer answered the Defendant's questions and reminded the Defendant that if he wanted an attorney, the officer could not talk with the Defendant, and that the Defendant could stop speaking at any time. See Exhibit E, pp. 9-10. The Defendant continued to ask questions about the process. See Exhibit E, pp. 11-18.

The Defendant argues that he was subject to custodial interrogation, and that law enforcement was required to stop questioning if he indicated that he wanted an attorney. However, after a suspect invokes his or her right to remain silent, the suspect can subsequently waive that right if he or she voluntarily chooses to reinitiate contact with the police. *Cruz v. State*, 715 So. 2d 1117 (Fla. 3rd DCA 1998); *Ahedo v. State*, 842 So. 2d 868 (Fla. 2d DCA 2003).

Here, the Defendant stated "I would think so, yes, sir," when asked if he wanted a lawyer. However, the Defendant then asked the officer if obtaining an attorney would delay the process, what would happen next, and whether remaining silent would affect his case. See Exhibit E, pp. 11-18. The Defendant's ensuing comments to police would not have been suppressed. The Defendant waived his right to remain silent by voluntarily reinitiating contact with law enforcement pursuant to *Cruz* and *Ahedo*. Such a waiver is valid even if law enforcement does not readvise a suspect of his or her *Miranda* rights or have the suspect sign a waiver. *Cruz*, 842 So. 2d at 871. The officer informed the Defendant several times that it was his right to have an attorney and that he could stop talking whenever he wished. Before the Defendant made any incriminating statements, the officer asked to clarify whether the Defendant wanted a lawyer; the Defendant said he did not. See Exhibit E, pp. 18-19. When the Defendant eventually did say that he wanted legal advice, the officer stopped the interrogation. See Exhibit E, pp. 41-42.

Based on the above, a motion to suppress statements made to police would not have been granted. Counsel cannot be found ineffective for failing to raise a meritless claim. *Freeman v. State*, 761 So. 2d 1055 (Fla. 2000). Accordingly, Ground One-B is denied.

**Ground One-C: Home Computer**

The Defendant alleges that counsel should have moved to suppress incriminating evidence found on his home computer. The Defendant

>   contends that if counsel had moved to suppress the memory card and the statements to police, police would not have able to secure a search warrant for the Defendant's home computer. The Defendant argues that "probable cause would not have existed to search the home computer, and the evidence would not have been discovered."
>
>   The Defendant is not entitled to relief on this claim. First, as discussed above, there is no basis for finding that counsel was ineffective for not adequately moving to suppress evidence obtained from the memory card. Even if this evidence had been suppressed, law enforcement still could have sought a warrant based upon the Defendant's incriminating statements during his interrogation, which this Court finds were not made in violation of the Defendant's *Miranda* rights and would not have been suppressed. Moreover, counsel's March 19, 2007 motion to suppress contained the argument that police illegally seized and searched the Defendant's home computer, and that all evidence from the computer should be suppressed. See Exhibit B. As discussed in Ground One-A above, the Defendant decided to change his plea in the above-styled cases before the motion to suppress was heard and a ruling entered by the Court. This Court cannot now find counsel ineffective for not effectively moving to suppress the evidence. Accordingly, Ground One-C is denied.

(Exhibit 5 at pp. 2-5).

Halscott has failed to prove either deficient performance or prejudice. His trial counsel was not deficient for failing to file an adequate motion to suppress. Defense counsel did file a pretrial motion attacking the constitutional validity of the seizure of the camera memory card, the inculpatory statements Halscott made to police after waiving his *Miranda* rights, and the search of Halscott's home computer. The motion was never heard by the trial court because Halscott opted to change his plea pursuant to the State's plea offer. The state court decision is objectively reasonable, and the court's findings are supported by the record. Thus, even if Halscott's claim was not procedurally barred, it must be denied under the AEDPA's deferential standard.

Accordingly, the Court orders:

That Halscott's petition is denied.  The Clerk is directed to enter judgment against

Halscott and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the $455.00 appellate filing fee unless the United States Court of Appeals grants Petitioner leave to proceed on appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 5, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record